IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE WAYNE BYRD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 24-381-RAW-JAR |
| ) | |
| DISTRICT COURT OF MUSKOGEE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He filed this civil rights complaint pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional related to his convictions. The defendant is the District Court of Muskogee County. (Dkt. 1 at 1).

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. The Court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff claims he was convicted of crimes alleged to have occurred within the boundaries of the Muscogee Nation. He further asserts that at the time of the crimes, he was an enrolled member of the Cherokee Nation. He requests "[p]rospective injunctive and declaratory relief, enjoining the District Court of Muskogee County, Oklahoma, from prosecuting Indians, Freedman and/or their descendants for crimes alleged to have been committed within the boundaries of the Cherokee Nation and Muscogee (Creek) Nation reservations." (Dkt. 1 at 7).

Plaintiff apparently is requesting future relief for certain groups of individuals. The Court, however, only will consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

To the extent Plaintiff is challenging his convictions with respect to the decision in *McGirt v. Oklahoma*, 591 U.S. 894 (2020),[1] such claims are not appropriate for a civil rights action under 42 U.S.C. § 1983. Instead, the issues must be raised in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies as required by 28 U.S.C. § 2254(b). Therefore, this action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**ACCORDINGLY,**

1. This action is DISMISSED for Plaintiff's failure to state a claim upon which relief may be granted.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is denied as moot.

3. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

---

[1] *McGirt* held that the Creek Reservation in Oklahoma had not been disestablished by Congress and that Mr. McGirt should have been prosecuted in federal court under the Major Crimes Act.

**IT IS SO ORDERED** this 17th day of October 2024.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE